IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES AND MARLENE GENTER,

               Plaintiffs,                   11cv0709
                                                **ELECTRONICALLY FILED**

     v.

ALLSTATE PROPERTY AND CASULATY
INSURANCE COMPANY,

               Defendant.

**MEMORANDUM OPINION REGARDING DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' IMPROPER PRAYER FOR RELIEF (DOC. No. 4)**

**I. Introduction**

On May 11, 2011, Plaintiffs James and Marlene Genter filed a Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania against Allstate Property and Casualty Insurance Company ("Allstate") alleging breach of contract and bad faith arising from nonpayment of Plaintiffs' claims for "underinsured motorist coverage" benefits under their Allstate automobile insurance policy. Doc. No. 1, Ex. B (Complaint). In light of the parties' diverse citizenship, the case was removed to this Court on May 31, 2011. Doc. No. 1.

At issue in this case is Claim III of Plaintiffs' Complaint, which alleges that Allstate's nonpayment amounts to bad faith in violation of the Pennsylvania Unfair Insurance Practices Act and the Pennsylvania Unfair Trade Practices and Consumer Protection Law. On June 7, 2011, Allstate filed a Motion to Dismiss, which asserts that Claim III should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a cause of action. Doc 4. Alternatively, Allstate asserts in the same Motion that certain damages sought under Claim III

1

are not recoverable as matter of law and asks that the relevant damage clauses be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. *Id*.

For the reasons discussed below, Allstate's Motion to Dismiss Claim III of Plaintiffs' Complaint will be denied, and its Motion to Strike certain portions of the prayer for relief in Claim III will be granted.

## II. Factual Background

On May 27, 2010, Plaintiff James Genter was involved in an automobile accident in Allegheny County, Pennsylvania, with an individual named Adam O'Bryan. Genter sustained multiple injuries, many of which he asserts will have permanent effects on his health and earning capacity. Doc. No. 1, Ex. B ¶¶ 7-8, 10-13. In light of the serious nature of his injuries and the fact that O'Bryan's insurance policy contained a $100,000 limit, Genter's counsel sent a letter to Allstate on October 7, 2010, claiming "underinsured motorist coverage" benefits available under Genter's own Allstate automobile insurance policy. *Id*. ¶ 14.

Thereafter, Allstate offered Genter $15,000 to settle his claim,[1] and on January 18, 2011, Genter's counsel sent Allstate a letter rejecting this settlement offer and requesting arbitration of Genter's claim. *Id*. ¶ 24; Doc. No. 1, Ex. B at 24 (letter from Genter's counsel to Allstate). Allstate notified Genter on March 7, 2011, that it was not willing to arbitrate and advised Genter to file a lawsuit to assert his right to the underinsured motorist benefits at issue. Doc. No. 1, Ex. B ¶ 25. Genter filed the present suit in response to Allstate's letter.

---

[1] According to Plaintiffs, the Underinsured Motorist Coverage limits under their Allstate policy is $2,000,000.

**III. Standard of Review**

*A. Rule 12(b)(6)*

Under Federal Rule of Civil Procedure 8(a)(2), civil complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[2]

To survive a motion to dismiss under Rule 12(b)(6), a claim for relief now "'requires more than labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) (quoting *Twombly*, 550 U.S. at 555). While Rule 8 was "a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950.

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit recently explained that a District Court must take three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of

---

[2] In *Twombly*, the United States Supreme Court abrogated its decision in *Conley v. Gibson*, 355 U.S. 41 (1957), which allowed dismissal of a claim only if "no set of facts" could be conceived to support it. *Conley*, 355 U.S. at 45.

> the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, No. 10-03539, 2011 WL 2044166, at *2 (3d Cir. May 26, 2011) (quoting *Iqbal*, 129 S. Ct. at 1947, 1950).

In conducting this analysis, the Court will accept all of the plaintiff's factual allegations as true and construe all inferences in the light most favorable to the non-moving party. *See Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)). However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997). A court is not required to consider legal conclusions; rather, it should determine whether the plaintiff should be permitted to offer evidence in support of the allegations. *See Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000).

### B. Rule 12(f)

Federal Rule of Civil Procedure 12(f) provides that the "court may strike from a pleading any insufficient defenses or any redundant, immaterial, [or] impertinent . . . matter." Rule 12(f) allows the Court to to "clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters that will not have any possible bearing on the outcome of the litigation." *Smith v. Giant Eagle, Inc.*, No. 10-1644, 2011 WL 1706520, at *4 (W.D. Pa. May 4, 2011). A demand for damages that are not recoverable as a matter of law may be stricken pursuant to Rule 12(f). *Seippel v. Jenkens & Gilchrist, P.C.*, 341 F. Supp. 2d 363, 383(S.D.N.Y.

2004) (footnote omitted); *Shabaz v. Polo Ralph Lauren Corp.* 586 F. Supp. 2d 1205, 1208-09 (C.D .Cal. 2008) (citations omitted).

**IV. Discussion**

   *A. Motion to Dismiss*

According to Count III of Plaintiffs' Complaint, Allstate's nonpayment of their claim for underinsured motorist benefits constituted a violation of the Pennsylvania Unfair Insurance Practices Act and Consumer Protection Law ("CPL"), 73 Pa. Cons. Stat. §§ 201-1 – 201-9.2. Doc. No. 1, Ex. B ¶¶ 29-38.  In order to maintain a private right of action under the CPL, a plaintiff must show that he 1) purchased or leased goods or services primarily for a personal, family, or household purpose; 2) suffered an ascertainable loss of money or property; and 3) the loss occurred as a result of the use or employment by a person of a method, act, or practice declared unlawful by the CPL.  *Baynes v. George E. Mason Funeral Home, Inc.*, No. 09-153, 2011 WL 2181469, at *4 (W.D. Pa. 2011).  "The plaintiff must offer evidence of one of the statutorily delineated 'unfair methods of competition' found at 73 P.S. § 201–2(4), or evidence which fits the 'catch-all provision' found at 73 P.S. § 201–2(4)(xxi)." *Id*.  Only the third element - whether Allstate's actions with regard to Plaintiffs violated the CPL – is at issue in this case.

   It is settled Pennsylvania law that to state a claim under the CPL against an insurer, a plaintiff must allege that the insurer made "fraudulent misrepresentations in order to sell a policy or engage[d] in some other form of misfeasance." *Mandel v. Jefferson-Pilot Fin. Ins. Co.*, No. 04-1436, 2004 WL 1166590, at *2 (E.D. Pa. May 24, 2004) (citing *Fisker v. Aetna Life Ins. & Annuity. Co.*, 39 F. Supp. 2d 508, 511 n.1 (M.D. Pa. 1998); *Aetna Cas. & Sur. Co. v. Ericksen*, 903 F. Supp. 836, 841 (M.D. Pa. 1995)).

According to Count III of Plaintiffs' Complaint, Allstate's failure to pay their claim constitutes "improper conduct which has created a likelihood of confusion or misunderstanding in violation of Section 201-2(4)([xxi])" of the CPL.[3] Doc. No. 1, Ex. B ¶ 36. Plaintiffs also assert that "Defendant's failure to settle Plaintiffs' [underinsured motorist benefits claim] in a prompt, fair, and equitable fashion constituted a violation of the [CPL] for which Plaintiffs seek treble damages." *Id.* ¶ 37.[4]

Because these statements do not allege that Allstate made a fraudulent misrepresentation when it sold Plaintiffs their automobile insurance policy, Allstate's Motion to Dismiss should be granted unless Allstate's actions constituted misfeasance. Under Pennsylvania law, an insurer's failure to pay claims in a timely fashion is generally viewed as nonfeasance, not misfeasance. *See, e.g.*, *Leo v. State Farm Mut. Auto. Ins. Co.*, 939 F. Supp. 1186 (E.D. Pa.1996); *Klinger v. State Farm Mut. Auto. Ins. Co.*, 895 F. Supp. 709 (E.D. Pa. 1995). Yet courts have found misfeasance where an insured has alleged wrongful and intentional action by an insurer to deny

---

[3] While Plaintiffs cite to Section 201-2(4)(xvii), it seems they mean to cite to Section 201-2(4)(xxi). Section 201-2(4)(xvii) refers to solicitations of goods or services over the telephone, something that is not at issue in this case. On the other hand, the language of Plaintiffs' Complaint cited above mirrors that of Section 201-2(4)(xxi), which defines the terms "[u]nfair methods of competition" and "unfair or deceptive acts or practices" as "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding."

[4] Claim III of Plaintiffs' Complaint contains two other statements that could be construed as grounds for relief under the CPL. First, Plaintiff notes that "Defendant has engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the context of any unfair trade or commerce in violation of Section 201-3." Doc. No. 1, Ex. B ¶ 36. Section 201-3, however, simply makes unlawful certain acts outlined in 201-2(4) and is not an independent basis for relief. Second, Plaintiffs assert that "Defendant's violation of the Pennsylvania Unfair Insurance Practice Act constitutes an unfair trade practice under the [CPL] [as] set forth in *Pekular v. Eich*, 355 Pa. Super. 276 (1986)." *Id.* ¶ 38. The Court in *Pekular* determined that an insured may maintain a private cause of action under the CPL even though allegations in his or her complaint address acts that are also prohibited by the Pennsylvania Unfair Insurance Practices Act. *Id.* at 289-90. The decision in *Pekular* does not provide Plaintiffs an independent basis for relief.

the insured's reasonable claims. *Lites v. Great Am. Ins. Co.*, No. 00-0525, 2000 WL 875698, at *3-4 (E.D. Pa. June 23, 2000) (denying Motion to Dismiss where Complaint alleged that insurer had no reasonable basis to deny the claim and included allegations of bad faith conduct in forcing plaintiffs to enter into unnecessary litigation, improperly investigating claims, and engaging in efforts to delay processing plaintiffs' justifiable claims); *Carlucci v. Md. Cas. Co.*, No. 98-03294, 1999 WL 179750, at *1 (E.D. Pa. Mar. 15, 1999) (denying Motion to Dismiss where plaintiff alleged failure to investigate, evaluate, negotiate and otherwise handle claim properly rather than mere failure to process a claim in a timely manner).

Accepting Plaintiffs' allegations as true and construing all inferences in Plaintiffs' favor, the Court finds that Plaintiffs have alleged misfeasance by Allstate and have thus stated a viable claim under the CPL. Contrary to Allstate's arguments, Plaintiffs allege more than simple nonfeasance. Rather, Plaintiffs claim that Allstate "unreasonably delayed" handling their benefits claim; "failed to make a reasonable settlement offer;" "failed to adequately investigate" their benefits claim; "failed to negotiate in good faith;" and "failed to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law" for the proposed $15,000 settlement. Doc. No. 1, Ex. B ¶¶ 30-32, 34-35. According to Plaintiffs, these actions represent "an intentional course of conduct on the part of Allstate to take advantage of [James Genter's] situation, advanced age, and poor health to force an unreasonably low settlement to the claim, by taking all possible actions to delay resolution of the claim for force protracted litigation, thus increasing delay and expense." Doc. 9 at 2 (Plaintiffs' Brief in Opposition to Allstate's Motion to Dismiss). These allegations are sufficient to survive a Motion to Dismiss because they "plausibly give rise to an entitlement for relief." *Malleus*, 2011 WL 2044166, at *2.

7

Allstate asserts that where, as here, a plaintiff relies on Section 201-2(4)(xxi), the "catch-all" provision of the CPL, plaintiff must also establish the elements of common law fraud. Doc 5 at 7. In support of this proposition, Allstate cites *Perkins v. State Farm Ins Co.*, 589 F. Supp. 2d 599, 567 (M.D. Pa. 2008). In the past, District Courts in this circuit have generally agreed with *Perkins*. More recently, however, a number of courts have rejected the analysis contained in *Perkins*. As noted by the United States District Court for the Eastern District of Pennsylvania in 2002, the version of the "catch-all" provision of the CPL in place prior to 1996 prohibited only "fraudulent" conduct. *Flores v. Shapiro & Kreisman*, 246 F. Supp. 2d 427, 432 (E.D. Pa. 2002). The act was then amended to prohibit both fraudulent and "deceptive" conduct. *Id*. Thus, a "plaintiff may succeed under the catch-all provision of the [CPL] by satisfying the elements of common law fraud or by otherwise alleging deceptive conduct." *Webb v. Envision Payment Solutions, Inc.*, No. 10-01414, 2011 WL 2160789, at *5 (W.D. Pa. May 31, 2001); *see also Sheet Metal Workers Local 411 Health & Welfare Plan v. GlaxoSmithKline, Plc*, 737 F. Supp. 2d 380, 421 (E.D. Pa. 2010).

The purpose of the CPL is to protect the public from and eradicate "unfair and deceptive business practices." *Commonwealth v. Monumental Properties*, 329 A.2d 812, 815-17 (Pa. 1974). The goal of the CPL is to place consumers and sellers of goods and services on equal terms, and the Pennsylvania Supreme Court has stated that courts should construe the statute liberally to further its remedial goals. *Id*. at 816–17; *accord Ash v. Cont'l Ins. Co.*, 932 A.2d 877, 881 (Pa. 2007).

With this in mind, the Court finds that Plaintiffs have alleged deceptive conduct because they claim that Allstate "attempted to settle a claim for less than the amount to which a

8

reasonable person would have believed they were entitled by reference to written or printed advertising material accompanying or made part of an application." Doc. No. 1, Ex. B ¶ 35.

*B. Motion to Strike*

Alternatively, Allstate asserts that certain damages sought by Plaintiffs in Count III should be struck pursuant to Rule 12(f) because they are not recoverable as a matter of law. Doc. No. 5 at 8. Specifically, Allstate argues that the CPL does not support Plaintiffs' claims for "(b.) Up to 3 times the amount of interest accrued on the final [underinsured motorist benefit] award; (c.) Up to 3 times the cost of this suit and reasonable attorneys['] fees; [and] (d.) Delay Damages." Doc. No. 1, Ex. B at 15.

The relevant part of the CPL states:

> Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or person, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees.

73 Pa. Cons. Stat. §201-9.2.

Section 201-9.2 does not contemplate a trebling of interest on damages, an award of suit costs and attorneys' fees, or delay damages. Insofar as they seek damages not available as a matter of law, the Court strikes clauses (b.), (c.), and (d.) of the prayer for relief in Count III of Plaintiffs' Complaint.

9

**B. Conclusion**

For the reasons discussed above, Allstate's Motion to Dismiss Claim III of Plaintiffs' Complaint will be **DENIED**, and its Motion to Strike will be **GRANTED**.

An appropriate Order follows.

                                                                     s/Arthur J. Schwab
                                                                     Arthur J. Schwab
                                                                     United States District Judge

cc: All Registered ECF Counsel and Parties